**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARMELLA MARTIN | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 2:25-CV-06468-MAK |
| | : | |
| v. | : | |
| | : | |
| SEPTA, et al. | : | |

**DEFENDANT, THE SOUTHEASTERN PENNSYLVANIA TRANSPORTATION**
**AUTHORITY'S, ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**
**WITH AFFIRMATIVE DEFENSES**

Defendant, the Southeastern Pennsylvania Transportation Authority ("SEPTA"), by and through its counsel, Clark Hill PLC, hereby submits its Answer to Plaintiff's Amended Complaint with Affirmative Defenses.

**INTRODUCTION**

1.      The allegations in paragraph 1 contain conclusions of law to which no responsive pleading is required.

**JURISDICTION AND VENUE**

2.      The allegations in paragraph 2 contain conclusions of law to which no responsive pleading is required.

3.      The allegations in paragraph 3 contain conclusions of law to which no responsive pleading is required.

4.      The allegations in paragraph 4 contain conclusions of law to which no responsive pleading is required.

5.      The allegations in paragraph 5 contain conclusions of law to which no responsive pleading is required.

6.     The allegations in paragraph 6 contain conclusions of law to which no responsive pleading is required.

## PARTIES

7.     Defendant incorporates its answers to paragraphs 1 through 6 as if set forth at length herein.

8.     Admitted upon information and belief.

9.     Denied as stated.  By way of further response, SEPTA is a Commonwealth agency, a metropolitan transportation authority, and a body corporate and politic that exercises the public powers of the Commonwealth of Pennsylvania as an agency and instrumentality thereof, and that SEPTA's headquarters are located at 1234 Market Street, Philadelphia, PA  19107.

10.    The allegations in paragraph 10 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, it is admitted only that SEPTA and Local 234 are parties to a Collective Bargaining Agreement.  The remaining allegations in this paragraph do not pertain to SEPTA and, therefore, no response is required.

11.    Admitted upon information and belief.

12.    Admitted.

13.    Admitted.

14.    Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in paragraph 14 and, therefore, they are denied.

15.    Admitted in part; denied in part.  It is admitted that Plaintiff took FMLA leave after April 8, 2023; however, after reasonable investigation and upon information and belief, it is denied that Plaintiff applied for and/or took FMLA leave related to her purported diagnoses of Post

Traumatic Stress Disorder, anxiety and/or depression.  It is further admitted that Plaintiff applied for workers' compensation benefits.

16.    Admitted.

17.    Admitted in part; denied in part.  It is admitted only that SEPTA dropped Plaintiff from its rolls for expiration of sick leave on November 9, 2023.  The remaining allegations in this paragraph are denied.

18.    Admitted.

19.    Denied as stated.  By way of further answer, this paragraph refers to the contents of a workers' compensation ruling, which is a document that speaks for itself.

20.    Denied as stated.  By way of further answer, this paragraph refers to the Collective Bargaining Agreement between SEPTA and Local 234, which is a document that speaks for itself.

21.    Denied as stated.  By way of further answer, it is admitted only that Plaintiff was reinstated on or about March 14, 2024.  By way of further answer, the allegation in this paragraph refers to a writing that speaks for itself and does not require a response.

22.    Admitted.

23.    Admitted.

24.    Admitted.

25.    Denied.

26.    Denied. By way of further answer, this paragraph refers to a purported May 31, 2024 letter from Plaintiff's physician, which is a document that speaks for itself.

27.    Denied.

28.    Admitted only that Plaintiff's sick leave was exhausted on or about December 17, 2024.  The remaining allegations in this paragraph are denied.

29.     Admitted.

30.     The allegations in paragraph 30 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

31.     The allegations in paragraph 31 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

32.     Admitted.

33.     Admitted.

34.     Admitted in part; denied in part.  It is admitted only that Plaintiff was not present at the April 10, 2025 Labor Relations Step hearing.  The remaining allegations in this paragraph are denied.

35.     Admitted.

36.     Denied.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in paragraph 36 and, therefore, they are denied.  By way of further answer, the allegations in this paragraph are not directed towards SEPTA.

37.     Denied.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in paragraph 37 and, therefore, they are denied.  By way of further answer, the allegations in this paragraph are not directed towards SEPTA.

38.     Denied.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in paragraph 38 and, therefore, they are denied.  By way of further answer, the allegations in this paragraph are not directed towards SEPTA.

39.     Denied.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in paragraph 39 and, therefore, they are denied.  By way of further answer, the allegations in this paragraph are not directed towards SEPTA.

40.     Denied.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in paragraph 40 and, therefore, they are denied.  By way of further answer, the allegations in this paragraph are not directed towards SEPTA.

41.     Denied.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in paragraph 41 and, therefore, they are denied.  By way of further answer, the allegations in this paragraph are not directed towards SEPTA. Moreover, the Court dismissed Plaintiff's race discrimination claim against Local 234 on March 11, 2026.

42.     Denied.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in paragraph 42 and, therefore, they are denied.  By way of further answer, the allegations in this paragraph are not directed towards SEPTA. Moreover, the Court dismissed Plaintiff's race discrimination claim against Local 234 on March 11, 2026.

43.     Denied.  Defendant lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in paragraph 43 and, therefore, they are denied.  By way of further answer, the allegations in this paragraph are not directed towards SEPTA. Moreover, the Court dismissed Plaintiff's race discrimination claim against Local 234 on March 11, 2026.

44.     The allegations in paragraph 44 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

45.     Denied.

46.     Denied.

47.   The allegations in paragraph 47 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

48.   Denied.

49.   Denied.

50.   The allegations in this paragraph contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

51.   The allegations in paragraph 51 contain conclusions of law to which no responsive pleading is required. Further, the allegations in this paragraph are not directed towards SEPTA.

52.   The allegations in paragraph 52 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

53.   The allegations in paragraph 53 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

54.   Denied as stated.

**COUNT I**
**Breach of Collective Bargaining Agreement**
**(Against Defendant SEPTA)**

55.   Defendant incorporates its answers to paragraphs 1 through 54 as if set forth at length herein.

56.   Admitted.

57.   The allegations in paragraph 57 and its subparagraphs a. through e. contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

58.   The allegations in paragraph 58 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

59.     The allegations in paragraph 59 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

60.     The allegations in paragraph 60 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

## COUNT II
### Breach of Duty of Fair Representation
### (Against Defendant Local 234)

61.     Defendant incorporates its answers to paragraphs 1 through 60 as if set forth at length herein.

62.     The allegations in this paragraph do not relate to SEPTA and, therefore, they are denied.  By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

63.     The allegations in this paragraph do not relate to SEPTA and, therefore, they are denied.  By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

64.     The allegations in this paragraph do not relate to SEPTA and, therefore, they are denied.  By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

65.     The allegations in this paragraph do not relate to SEPTA and, therefore, they are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

66.     The allegations in this paragraph do not relate to SEPTA and, therefore, they are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

67.    The allegations in this paragraph do not relate to SEPTA and, therefore, they are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

68.    The allegations in this paragraph do not relate to SEPTA and, therefore, they are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

69.    The allegations in this paragraph do not relate to SEPTA and, therefore, they are denied.  By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

70.    The allegations in this paragraph do not relate to SEPTA and, therefore, they are denied.  By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

71.    The allegations in this paragraph do not relate to SEPTA and, therefore, they are denied.  By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

72.    The allegations in this paragraph do not relate to SEPTA and, therefore, they are denied.  By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

73.    The allegations in paragraph 73 contain conclusions of law to which no responsive pleading is required.

74.    The allegations in paragraph 74 contain conclusions of law to which no responsive pleading is required.

75.    The allegations in this paragraph do not relate to SEPTA and, therefore, they are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

76.    The allegations in paragraph 76 contain conclusions of law to which no responsive pleading is required.

### COUNT III
### Retaliation in Violation of the Family and Medical Leave Act
### (Against Defendant SEPTA)

77.    Defendant incorporates its answers to paragraphs 1 through 76 as if set forth at length herein.

78.    The allegations in paragraph 78 contain conclusions of law to which no responsive pleading is required.

79.    The allegations in paragraph 79 contain conclusions of law to which no responsive pleading is required.

80.    Denied.

81.    The allegations in paragraph 81 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

82.    The allegations in paragraph 82 contain conclusions of law to which no responsive pleading is required.

83.    Denied.

84.    The allegations in paragraph 84 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

85.    The allegations in paragraph 85 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

86.     The allegations in paragraph 86 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

87.     The allegations in paragraph 87 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

88.     The allegations in paragraph 88 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

89.     The allegations in paragraph 89 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

90.     The allegations in paragraph 90 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

91.     The allegations in paragraph 91 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

92.     The allegations in paragraph 92 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

**COUNT IV**
**Violations of Section 1981 of the Civil Rights Act of 1866**
**(Race/Ethnicity Discrimination)**
**(Against SEPTA)**

93.     Defendant incorporates its answers to paragraphs 1 through 92 as if set forth at length herein.

94.     The allegations in paragraph 94 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

95.     The allegations in paragraph 95 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

96.     The allegations in paragraph 96 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

97.     The allegations in paragraph 97 contain conclusions of law to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

## COUNT V
### Violations of Section 1981 of the Civil Rights Act of 1866
### (Race/Ethnicity Discrimination)
### (Against Defendant Local 234)

98.     Defendant incorporates its answers to paragraphs 1 through 97 as if set forth at length herein.

99.     The Court dismissed Count V of the Amended Complaint on March 11, 2026.

100.    The Court dismissed Count V of the Amended Complaint on March 11, 2026.

101.    The Court dismissed Count V of the Amended Complaint on March 11, 2026.

102.    The Court dismissed Count V of the Amended Complaint on March 11, 2026.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in favor of Defendant and against Plaintiff dismissing all claims with prejudice, together with attorneys' fees and costs of suit, and such other and further relief that this Court may deem equitable or just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Defendant acted properly, reasonably and within the confines of the law at all applicable times.

11

## FOURTH AFFIRMATIVE DEFENSE

Defendant did not violate any right of or duty owed to Plaintiff. Any violation of Plaintiff's rights by Defendant, the existence of which is denied, did not result in any compensable injury to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff, the existence of which are denied, were caused by Plaintiff's own actions or inactions, and not by any act or omission of Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff, the existence of which are denied, were caused by the actions or inactions of third parties outside the control of Defendant, and not by any act or omission of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate the damages she claims to have suffered.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was not subjected to any discriminatory actions by Defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused by intervening and/or superseding causes.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by Plaintiff's failure to join indispensable parties.

## ELEVENTH AFFIRMATIVE DEFENSE

SEPTA is entitled to immunity under 42 Pa. C.S.A. § 8521, et seq. and/or any other applicable state or federal statutes or laws. SEPTA is further entitled to qualified immunity on Plaintiff's breach of contract claim.

12

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for compensatory or punitive damages.  Specifically, Plaintiff is not entitled to punitive damages as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Pennsylvania and/or federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant had legitimate, non-discriminatory reasons for its actions or inactions.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant would have terminated Plaintiff regardless of her race and/or FMLA status.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant took reasonable care to prevent harassment, and Plaintiff failed to take advantage of those measures.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not apply for and was not entitled to FMLA leave for her alleged Post Traumatic Stress Disorder, anxiety and/or depression.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not eligible for FMLA leave once that leave had been exhausted.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to return to work consistent with SEPTA's policies relating to sick leave.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim that SEPTA's conduct was willful, and that she is entitled to liquidated damages, under the FMLA.

13

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's claim is barred to the extent that she has failed to exhaust her administrative remedies under the Collective Bargaining Agreement.

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

Defendant reserves the right to amend its answer to rely on additional defenses that may become available during the course of discovery.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in favor of Defendant and against Plaintiff dismissing all claims with prejudice, together with attorneys' fees and costs of suit, and such other and further relief that this Court may deem equitable or just.

**CLARK HILL PLC**

Date:  <u>March 25, 2026</u>                    By:  <u>*/s/ Daniel J. McGravey, Esquire*</u>
                                    Daniel J. McGravey, Esquire
                                    Amy C. Lachowicz, Esquire
                                    *Attorneys for Defendant*

14

## CERTIFICATE OF SERVICE

I, Daniel J. McGravey, counsel for Defendant, SEPTA, hereby certifies that on the 25th day of March, 2026, a true and correct copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES** has been filed through the ECF system and will be electronically served on all counsel of record who are registered participants.

**CLARK HILL PLC**

*/s/  Daniel J. McGravey*
DANIEL J. McGRAVEY, ESQUIRE