**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARMELLA MARTIN,           ) | |
|                          ) | |
|            Plaintiff,    ) | |
|                          ) | C.A. No.      2:25-cv-06468 |
|       v.               ) | |
|                          ) | |
| SEPTA, et al.          ) | |
|                          ) | |
|           Defendants.   ) | |

**DEFENDANT, TRANSPORT WORKERS UNION LOCAL 234'S, ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, Transport Workers Union Local 234 ("Local 234"), by and through its counsel, Samuel E. Schwartz, Esq., hereby submits its Answer to Plaintiff's Amended Complaint with Affirmative Defenses.

**INTRODUCTION**

1.    The allegations in paragraph 1 contain conclusions of law to which no responsive pleading is required.

**JURISDICTION AND VENUE**

2.    The allegations in paragraph 2 contain conclusions of law to which no responsive pleading is required.

3.    The allegations in paragraph 3 contain conclusions of law to which no responsive pleading is required.

4.    The allegations in paragraph 4 contain conclusions of law to which no responsive pleading is required.

5.    The allegations in paragraph 5 contain conclusions of law to which no responsive pleading is required.

6.    The allegations in paragraph 6 contain conclusions of law to which no responsive pleading is required.

## PARTIES

7.    Defendant Local 234 incorporates its answers to paragraphs 1 through 6.

8.    Admitted upon information and belief.

9.    Lack sufficient knowledge to admit or deny.

10.    Deny that the Defendant Local 234 is a labor organization within the meaning of the Labor Management Relations Act but admit that it represents employees of SEPTA pursuant to a collective bargaining agreement, with a principal place of business in Philadelphia, Pennsylvania.

## FACTUAL BACKGROUND

11.    Admitted.

12.    Admitted.

13.    Denied as stated. By way of further response, it is Defendant Local 234's understanding that Plaintiff encountered a body that appeared to have been the victim of a homicide in the subway where she worked but did not witness the homicide itself.

14.    Defendant Local 234 admits that Plaintiff's treating physician diagnosed her with Post-Traumatic Stress Disorder, anxiety, and depression, but lacks sufficient knowledge to admit or deny the underlying facts.

15.    Admitted.

16.    Admitted.

17. Denied as stated. On information and belief, Plaintiff's FMLA leave had expired, and SEPTA was contesting Plaintiff's workers' compensation claim. She therefore did not have any "approved leave status" other than her sick leave, which expired as of November 9, 2023.

18. Denied as stated. Defendant Local 234 filed the grievance to enforce its collective bargaining agreement with SEPTA. While Plaintiff stood to benefit from the successful prosecution of the grievance, she did not in any way cause it to be filed.

19. Lacks sufficient knowledge to admit or deny.

20. Admitted.

21. Admitted.

22. Admitted upon information and belief.

23. Admitted upon information and belief.

24. Admitted.

25. Admitted upon information and belief.

26. Admitted upon information and belief.

27. Admitted upon information and belief.

28. Denied as stated. By way of further response, it is not clear to the Defendant Local 234 that the CBA requires SEPTA to keep a bargaining unit member on IOD leave after an independent medical examiner finds that they are fully recovered. In fact, it is the Union's position that the CBA is only violated if such actions are found to violate the workers' compensation law. As such, the Union always advises members, and so advised Plaintiff, to return to work and to continue pursuing the workers' compensation case while working. The Union always stresses, and stressed to Plaintiff, that if a bargaining unit member chooses not to return to work while continuing to pursue the workers' compensation claim they are doing so at their own risk.

29.     Admitted.

30.     The allegations in paragraph 30 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations are denied as stated. As noted, *supra,* it is the Union's position that the actions described only violate the CBA to the extent they are found to violate the workers' compensation law. To the best of Defendant Local 234's knowledge, there has been no such finding in this case.

31.     The allegations in paragraph 31 contain conclusions of law to which no responsive pleading is required. To the extent that a response is required the allegations are denied as stated. As noted, *supra,* it may have been a violation of the CBA to consider her out sick instead of IOD, but that was totally contingent on Plaintiff's successful prosecution of her workers' compensation claim.

32.     Denied as stated. Defendant Local 234 filed the grievance to enforce its collective bargaining agreement with SEPTA. While Plaintiff stood to benefit from the successful prosecution of the grievance, she did not in any way cause it to be filed.

33.     Admitted.

34.     As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice. No Second-Amended Complaint has been filed, meaning no response is required. To the extent a response is required, it is denied as stated. Defendant Local 234 admits that the CBA allowed it to call Plaintiff as a witness, and that it did not do so, but avers that the decision was made for it by Plaintiff, who chose not to attend.

35.     Admitted.

36.     As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice. No Second-Amended Complaint has been filed, meaning no response is required. To the extent a response is required, it is admitted.

37. As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice. No Second-Amended Complaint has been filed, meaning no response is required. To the extent a response is required, it is admitted.

38. As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice. No Second-Amended Complaint has been filed, meaning no response is required. To the extent a response is required, it is denied. The questions were designed only to assess the viability of proceeding to arbitration with the grievance.

39. As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice. No Second-Amended Complaint has been filed, meaning no response is required. It also states a legal conclusion to which no response is required. To the extent a response is required, it is denied.

40. Admitted.

41. As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice. No Second-Amended Complaint has been filed, meaning no response is required. To the extent a response is required, it is denied.

42. As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice. No Second-Amended Complaint has been filed, meaning no response is required. To the extent a response is required, it is denied.

43. As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice. No Second-Amended Complaint has been filed, meaning no response is required. To the extent a response is required, it is denied.

44. Lacks sufficient knowledge to admit or deny.

45. Lacks sufficient knowledge to admit or deny.

46.    Lacks sufficient knowledge to admit or deny.

47.    Lacks sufficient knowledge to admit or deny.

48.    Lacks sufficient knowledge to admit or deny.

49.    Lacks sufficient knowledge to admit or deny.

50.    Lacks sufficient knowledge to admit or deny.

51.    The allegation in paragraph 51 is a legal conclusion to which no response is required.

52.    As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice.   No Second-Amended Complaint has been filed, meaning no response is required.  To the extent a response is required, it is denied.

53.    As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice.   No Second-Amended Complaint has been filed, meaning no response is required.  To the extent a response is required, it is denied.

54.    The allegation in paragraph 54 is a legal conclusion to which no response in required.

### COUNT I
### Breach of Collective Bargaining Agreement
### (Against Defendant SEPTA)

55.    Defendant Local 234 incorporates its answers to paragraphs 1 through 54.

56.    Admitted.

57.    The allegations in paragraph 57 contain conclusions of law to which no responsive pleading is required.   To the extent that a response is required, Defendant Local 234 lacks sufficient knowledge to admit or deny, because it is unaware of the ultimate resolution of her workers' compensation case, which it believes is dispositive of the contractual issues.

58. The allegation in paragraph 58 contains conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendant Local 234 lacks sufficient knowledge to admit or deny the allegation.

59. The allegation in paragraph 58 contains conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendant Local 234 admits that Plaintiff is seeking an order to arbitrate, and that such an order is Plaintiff's exclusive remedy for the alleged breach of Defendant Local 234's duty of fair representation but denies that it breached said duty.

60. As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice. No Second-Amended Complaint has been filed, meaning no response is required. To the extent a response is required, it is denied.

## COUNT II
### Breach of Duty of Fair Representation
### (Against Defendant Local 234)

61. Defendant Local 234 incorporates its answers to paragraphs 1 through 60.

62. The allegation in paragraph 62 contains a legal conclusion to which no responsive pleading is required.

63. The allegation in paragraph 63 contains a legal conclusion to which no responsive pleading is required.

64. The allegation in paragraph 64 contains a legal conclusion to which no responsive pleading is required.

65. As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice. No Second-Amended Complaint has been filed, meaning no response is required. This allegation also contains a legal conclusion to which no response is required. To the extent a response is required, it is denied.

66.    Admitted.  By way of further response, however, Defendant Local 234 last met "its obligations under Section 201(I)(3) of the CBA" on February 10, 2015.  SEPTA has never grieved this failure making this Section of the CBA, at least in Defendant Local 234's opinion, a dead letter.  Nor would meeting this "obligation" have done anything to benefit Plaintiff.  If she wins her workers' compensation case, SEPTA will be ordered to retroactively convert the sick time to IOD time, even if no grievance had been filed at all, or as here, the grievance has been abandoned.  Conversely, if Plaintiff loses her workers' compensation case, then she did, in fact, expire her sick leave, and Defendant Local 234's grievance would have no merit even if the time limits had been tolled.

67.    Denied.  By way of further response, Defendant Local 234 wrote to Defendant SEPTA on June 2, 2025, requesting an extension of the thirty-working-day deadline to file the case for arbitration to June 10, 2025.  SEPTA responded on June 3, granting that request.  Thus when Defendant Local 234 met with Plaintiff on June 9, 2025 it was within the deadline Plaintiff alleges had elapsed.  The relevant communications are attached hereto as Exhibit A.

68.    As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice.  No Second-Amended Complaint has been filed, meaning no response is required.  To the extent a response is required, it is denied.

69.    The allegation in paragraph 69 contains a legal conclusion to which no responsive pleading is required.  To the extent a response is required, it is denied.

70.    As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice.  No Second-Amended Complaint has been filed, meaning no response is required.  This allegation also contains a legal conclusion to which no response is required. To the extent a response is required, it is denied.

71.     As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice. No Second-Amended Complaint has been filed, meaning no response is required. This allegation also contains a legal conclusion to which no response is required. To the extent a response is required, it is denied.

72.     The allegation in paragraph 72 contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, it is denied.

73.     The allegation in paragraph 73 contains a legal conclusion to which no responsive pleading is required.

74.     The allegation in paragraph 74 contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, it is denied.

75.     The allegation in paragraph 75 contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, it is denied.

76.     The allegation in paragraph 76 contains a legal conclusion to which no responsive pleading is required.

## COUNT III
### Retaliation in Violation of the Family and Medical Leave Act
### (Against Defendant SEPTA)

77.     Defendant Local 234 incorporates its answers to paragraph 1 through 76.

78.     Defendant Local 234 admits that Defendant SEPTA employs more than fifty employees. The other allegation is a legal conclusion to which no responsive pleading is required.

79.     Defendant Local 234 lacks sufficient knowledge to admit or deny.

80.     Defendant Local 234 lacks sufficient knowledge to admit or deny.

81.    Paragraph 81contains conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendant Local 234 lacks sufficient knowledge (and medical expertise) to admit or deny the underlying facts alleged.

82.    The allegations in paragraph 82 contain conclusions of law to which no responsive pleading is required.

83.    The allegations in this paragraph do not relate to Defendant Local 234 and, therefore, are denied.

84.    The allegations in this paragraph do not relate to Defendant Local 234 and, therefore, are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

85.    The allegations in this paragraph do not relate to Defendant Local 234 and, therefore, are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

86.    The allegations in this paragraph do not relate to Defendant Local 234 and, therefore, are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

87.    The allegations in this paragraph do not relate to Defendant Local 234 and, therefore, are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

88.    The allegations in this paragraph do not relate to Defendant Local 234 and, therefore, are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

89.    The allegations in this paragraph do not relate to Defendant Local 234 and, therefore, are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

90.    The allegations in this paragraph do not relate to Defendant Local 234 and, therefore, are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

91.    The allegations in this paragraph do not relate to Defendant Local 234 and, therefore, are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

92.    The allegations in this paragraph do not relate to Defendant Local 234 and, therefore, are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

**COUNT IV**
**Violations of Section 1981 of the Civil Rights Act of 1866**
**(Race/Ethnicity Discrimination)**
**(Against SEPTA)**

93.    Defendant Local 234 incorporates its answers to paragraphs 1 through 92.

94.    The allegations in this paragraph do not relate to Defendant Local 234 and, therefore, are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

95.    The allegations in this paragraph do not relate to Defendant Local 234 and, therefore, are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

96. The allegations in this paragraph do not relate to Defendant Local 234 and, therefore, are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

97. The allegations in this paragraph do not relate to Defendant Local 234 and, therefore, are denied. By way of further response, the allegations in this paragraph contain conclusions of law to which no responsive pleading is required.

**COUNT V**
**Violations of Section 1981 of the Civil Rights Act of 1866**
**(Race/Ethnicity Discrimination)**
**(Against Defendant Local 234)**

98. Defendant Local 234 incorporates its answers to paragraphs 1 through 97.

99. As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice. No Second-Amended Complaint has been filed, meaning no response is required. To the extent a response is required, it is denied.

100. As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice. No Second-Amended Complaint has been filed, meaning no response is required. To the extent a response is required, it is denied.

101. As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice. No Second-Amended Complaint has been filed, meaning no response is required. To the extent a response is required, it is denied.

102. As per the Court's Memorandum dated March 11, 2026, this allegation has been dismissed without prejudice. No Second-Amended Complaint has been filed, meaning no response is required. By way of further response, the allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is required, it is denied.

**WHEREFORE,** Defendant Local 234 respectfully requests that this Court enter judgment in favor of Defendant Local 234 and against Plaintiff, dismissing all claims with prejudice. Defendant Local 234 further requests that this court award it reasonable attorney's fees and costs to defend this suit, and all other relief that this Court may deem equitable and/or just.

<u>FIRST AFFIRMATIVE DEFENSE</u>

As noted above, Defendant Local 234 did not violate its duty of fair representation towards Plaintiff with respect to not notifying SEPTA as "required" under Section 201(I)(3) of the CBA because there was no such requirement as that section was a dead letter. Furthermore, even if the CBA did require this notification by the Union, the requirement is to benefit SEPTA and the Union by not wasting time resources on a grievance that will ultimately be resolved through the workers' compensation process. The notification to SEPTA could not have possibly benefited Plaintiff and therefore cannot serve as a basis for a finding that the Union acted with "more than mere negligence" in the handling of her grievance in violation of its duty of fair representation.

<u>Second Affirmative Defense</u>

As noted above, Defendant Local 234 did not fail to meet with Plaintiff before the thirty-working-day deadline to file her grievance for arbitration. Rather the Union requested, and received, an extension of that deadline from SEPTA, as detailed in Exhibit A. Because neither of the "facts" on which the Court allowed Plaintiff's duty of fair representation charge to proceed are indeed facts this Court should now dismiss that charge.

**DATED:** April 13, 2026

_____ /s/ Samuel E. Schwartz, Esq._
Samuel E. Schwartz, Esquire (PA 329620) 500 N. Second Street
Philadelphia, PA 19123
215-972-4140 ext. 210
*Attorney for Defendant Local 234*

# EXHIBIT A



**SEPTA**

Southeastern Pennsylvania Transportation Authority

1234 Market Street • Philadelphia, PA 19107-3780

June 3, 2025


Mr. Brian Pollitt
President
Transport Workers Union – Local 234
500 N. 2nd Street
Philadelphia, PA 19123

Re:  Grievance #30S-20241217CM – Carmella Martin, #10171

Dear Mr. Pollitt:

This will acknowledge receipt of your letter requesting an extension of the time limits to file for arbitration for the above captioned case.

Please be advised that your request has been granted and this is the final extension granted for this case.  The time limits will expire upon close of business Tuesday, June 10, 2025.

Respectfully,

*Andrew Montagna*
Andrew Montagna
Manager, Labor Relations


30S-20241217CM Martin FinalExt

 Outlook

---

## RE: Ext. Ltr. on Gr. #30S-20241217CM / Carmella Martin, Acct. #10171

---

**From** Zakiyyah Rayford <ZRayford@septa.org>

**Date** Tue 6/3/2025 12:59 PM

**To**  Quetsy Rodriguez <qrodriguez@twu234.org>

**Cc**  Jeanette Troche <jtroche@twu234.org>

📎 1 attachment (99 KB)

30S-20241217CM Martin FinalExt.pdf;

Good afternoon

Please see attached Extension request response.

Zakiyyah Rayford – Administrative Assistant II to
Chad Cuneo, Chief Labor Relations
Southeastern Pennsylvania Transportation Authority
Labor Relations
1234 Market Street, 7th Floor
Philadelphia, PA 19107
ZRayford@septa.org
215-580-8427


**SEPTA**

From: Quetsy Rodriguez <qrodriguez@twu234.org>
Sent: Monday, June 2, 2025 10:51 AM
To: Zakiyyah Rayford <ZRayford@septa.org>
Cc: Jeanette Troche <jtroche@twu234.org>
Subject: Ext. Ltr. on Gr. #30S-20241217CM / Carmella Martin, Acct. #10171

*June 2, 2025*

*Good Morning Zakiyyah,*

*Attached is the extension letter request for grievance #30S-20241217CM on Carmella Martin, #10171.*

*Any questions, please feel free to contact me at the Union Hall.*

*Respectfully,*



# TRANSPORT WORKERS UNION
# OF PHILADELPHIA - LOCAL 234

*President*
Brian Pollitt

*Exxecutive Vice President*
Bill Bannon

*Secretary Treasurer*
Joe Coccio

*Recording Secretary*
George Bannon

*Vice Presidents*
Andre D. Jones Sr.
Will Vera

*Executive Board*
*Transportation*
Chauntann Reid
Tommy Davis
Aaron Jackson
William Warfield

*Executive Board*
*Maintenance*
Ryan Fairman
Marc Schwoerer
Sean O'Leary

June 2, 2025

Mr. Chad Cuneo, Chief
Employee Development/Relations Division
SEPTA
1234 Market Street 7ᵗʰ Floor
Philadelphia, PA 19107

### Re: Grievance # 30S-20241217CM / Carmella Martin, Acct. #10171

Dear Mr. Cuneo:

   The Union is requesting an extension of the time limit to file the above numbered grievances for arbitration for investigative purposes.

   As always, if you have any questions on this matter, please feel free to contact me.

Respectfully,

*Brian Pollitt*
Brian Pollitt
President

BP/qr
Opeiu #32

500 N. 2nd Street • Philadelphia, PA 19123 • (215) 972-4140 • FAX: (215) 496-9041

 Outlook

---

**Ext. Ltr. on Gr. #30S-20241217CM / Carmella Martin, Acct. #10171**

---

From Quetsy Rodriguez <qrodriguez@twu234.org>

Date Mon 6/2/2025 10:50 AM

To  Zakiyyah Rayford <zrayford@septa.org>

Cc  Jeanette Troche <jtroche@twu234.org>

📎 1 attachment (253 KB)

20250602104743525 -Ext. Ltr. on Gr. #30S-20241217CM - Carmella Martin, #10171.pdf;

*June 2, 2025*

*Good Morning Zakiyyah,*

*Attached is the extension letter request for grievance #30S-20241217CM on Carmella Martin, #10171.*

*Any questions, please feel free to contact me at the Union Hall.*

*Respectfully,*

*Quetsy Rodriguez*
*TWU Local 234 / Receptionist*
*Office: (215) 972-4140 ext. 100*
*Fax: (215) 496-9041*

## CERTIFICATE OF SERVICE

I, Samuel E. Schwartz, Esq., counsel for Defendant Local 234, hereby certify that on the 13th day of April, 2026, a true and correct copy of the foregoing **DEFENDANT LOCAL 234's ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES** was filed electronically, and are available for viewing and downloading from the ECF system. Counsel for all parties are registered ECF users, therefore, service is complete upon Notice of Electronic Case Filing generated in connection with the electronic filing of this Answer. *See Fed. R. Civ. P. 5(b)(2)(D) and ECF Procedural Order §§ 3(c), 7(a) and (b).*

**DATED:** April 13, 2026

_____/s/ Samuel E. Schwartz, Esq._
Samuel E. Schwartz, Esquire (PA 329620) 500 N. Second Street
Philadelphia, PA 19123
215-972-4140 ext. 210
*Attorney for Defendant Local 234*