**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARMELLA MARTIN | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 25-06468 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | |
| TRANSPORT WORKERS UNION OF | : | |
| PHILADELPHIA, LOCAL 234 | : | |

## ORDER

**AND NOW**, this 5th day of May 2026, following our March 11, 2026 Order (ECF 25) beginning discovery and today's telephonic Initial Pretrial Conference, it is **ORDERED** the parties are attached for a four-day jury trial beginning **September 8, 2026** and shall proceed consistent with Fed. R. Civ. P. 1 to resolve this dispute:

1.     Counsel and parties are required to follow this Court's Policies and Procedures in effect at the time of the anticipated action ("Policies"), Default Order on Electronic Discovery as modified by counsel's agreements (ECF 30 at 8), and Protocols for Remote Video Proceedings found at www.paed.uscourts.gov.

2.     We **strike** SEPTA's Second, Tenth, Eleventh, Thirteenth, and Twenty-Second Affirmative Defenses (ECF 27) without prejudice.[1]

3.     Plaintiff shall file the proposed second amended Complaint to include recently exhausted claims without opposition by no later than **May 8, 2026** with Defendants answering by no later than **May 18, 2026**. All motions to further amend the pleadings and to join or add additional parties shall be filed by **June 12, 2026**.

4.      All fact and expert discovery shall be served, noticed, and completed by **July 15, 2026** and we expect written discovery to be promptly completed and deposition discovery should be, to the extent necessary, done through a video-sharing service, including allowing a Court Reporter to also participate by video-sharing arranged by the party noticing the deposition.[2]

5.      Counsel shall confirm the date, time, and place for all scheduled depositions by email sent to each other no later than **June 2, 2026**.

6.      No later than **May 11, 2026**, all parties seeking relief of any sort shall serve a detailed written demand upon all parties claimed to be responsible for any claim of relief. All responding parties shall provide a detailed written response on or before **May 19, 2026**.

7.      **This matter is referred to Magistrate Judge Reid for all settlement purposes.** Plaintiff's Counsel will contact JudgeReid no later than **May 6, 2026** to schedule an initial settlement conference to occur no later than **July 9, 2026**.

8.      Each party shall serve upon counsel for every other party the information referred to in Fed. R. Civ. P. 26(a)(2)(B) necessary to meet their burden of proof by expert report or answer to expert interrogatory no later than **June 22, 2026**. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such rebuttal evidence on counsel for every other party no later than **July 10, 2026**. Expert depositions, if any, shall be concluded no later than **July 17, 2026**.

9.      Any party expecting to offer opinion testimony from lay witnesses under Fed. R. Evid. 701, shall, at the time required for submission of information and/or reports for expert witnesses set forth in the preceding paragraph, serve opposing parties with concise details and/or documents detailing the lay opinions of the Rule 701 witnesses, including the identity of each witness, the substance and the basis for each opinion.

10.    Summary judgment and Fed. R. Evid. 702 motions, if any, shall be filed no later than **July 21, 2026**. Responses shall be filed in accord with the Local Rules and this Court's Policies and no later than **August 4, 2026**. Motions for summary judgment and responses shall fully comply with this Court's Policies, including:

(a)    A separately filed Statement of Undisputed Material Facts which details, in numbered paragraphs, the material facts that the moving party contends are undisputed and entitle the movant to judgment as a matter of law. Only those facts which bear on dispositive material issues shall be included in the Statement of Undisputed Facts.

(b)    Opposition to a motion for summary judgment shall include a separate filing of a Statement of Material Facts, responding to the numbered paragraphs in the movant's Statement of Undisputed Facts, which the respondent contends present genuine issues for trial. The responding party also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

(c)    Statements of Material Facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the record that support each of the statements. Each stated fact shall cite the source relied upon, including the page of any document or line and page number of any deposition to which reference is made.

(d)    Memoranda in support of, or opposing, a Rule 56 motion is limited to twenty-five (25) pages, double-spaced, twelve (12) point font.

(e)    Upon filing, the movant(s) shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion. On all cross-motions under Rule 56, the cross-movants must consult and file a joint appendix. All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page. The

appendix shall include a table of contents. The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible. Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix filed with its Opposition. Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning sequentially at the page number where the movant's appendix ended, and shall include a table of contents. This Court will not consider party documents not included in the appendix.

(f)    Parties shall provide Chambers with one (1) paper courtesy copy of all filed summary judgment submissions by overnight mail or hand delivery within one (1) business day of filing.

(g)    Failure of the movant to follow this procedure in all respects may result in denial of the motion without prejudice to be renewed at trial. Respondent's failure to comply in all respects may result in this Court's considering the motion as uncontested.

11.    Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated by all affected parties and approved by the Court.

12.    The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner defined in Fed. R. Civ. P. 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

13.    No later than **August 12, 2026**, counsel for each party shall exchange (by email to each other) a list identifying each exhibit the party expects to offer at trial along with a reference to the Bates number or other identification of the documents used in discovery.

14.     No later than **August 13, 2026**, each party shall file a pretrial memorandum compliant with our Policies.

15.     No later than **August 14, 2026**, each party shall file proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories, with an electronic copy e-mailed in Word format to Chambers_of_Judge_Kearney@paed.uscourts.gov.

16.     All motions affecting trial presentations (e.g., *in limine*), proposed *voir dire* peculiar to your case, objections to proposed jury instructions, list of contested exhibits and deposition designations (providing the exhibits and highlighted designations to Chambers) shall be filed on or before **August 17, 2026**. Responses, including highlighted counter-designations and objections, if any, shall be filed on or before **August 24, 2026**.

17.     A final pretrial conference will be held telephonically on **September 4, 2026** at **8:45 AM** via ZoomGov (1-646-828-7666; Meeting ID: 165 795 5892; Passcode: 257835).

18.     Counsel is attached for jury selection (on remaining triable issues) followed by a four-day trial beginning on **September 8, 2026** at **9:00 AM** in Courtroom 6-B.[3]

**KEARNEY, J.**

---

[1] We continue to find counsel filing unwarranted defenses flatly contrary to their Rule 11 obligations. *See e.g. Desandies v. Encore Group (USA), LLC,* No. 24-1044, 2024 WL 1704982 (E.D. Pa. Apr. 19, 2024) (imposing sanctions for filing affirmative defense without support in the facts at the time of pleading). The Supreme Court through Rule 11 requires pleadings based on facts known to the pleader at time of filing and law applicable to the pleaded facts. *See MHC Inv. Co v. Racom Corp.*, 323 F.3d 620, 626–27 (8th Cir. 2003) (affirming imposition of sanctions against defendant for raising affirmative defenses lacking factual or legal basis); *LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 387–88 (D. Md. 2014) (explaining filing an answer with "irrelevant and unsupported affirmative defenses" is sanctionable conduct under Rule 11); *Profile Publ'g and Mgmt. Corp. APS v. Musicmaker.com, Inc*., 242 F. Supp. 2d 363, 366–67

(S.D.N.Y. 2003) (finding violation of Rule 11 because defendant asserted affirmative defenses "without the reasonable inquiry required under the circumstances").

A defendant pleading an affirmative defense has "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing" to ensure the defense is not frivolous, legally unreasonable, or without factual foundation. *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 616 (3d Cir. 1991) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enter.*, 498 U.S. 533, 551 (1991); *see Cohan v. Genji Novi, Inc.*, No. 19-10786, 2019 WL 4051747, at *3 (E.D. Mich. Aug. 28, 2019) ("Rule 11 requires more than speculation that an affirmative defense might exist.").

We consider affirmative defenses frivolous when they are highly repetitive, inapplicable, or duplicative. *See Edwards v. CSXT Transp., Inc.*, 338 F.R.D 590, 593 (E.D.N.C 2021) ("[A] party or attorney who includes inapplicable or unsupportable affirmative defenses exposes themselves to Rule 11 sanctions."); *cf. VI Carnival Comm., Inc. v. VI Dep't of Tourism,* No. 2022-19, 2022 WL 20678363, at *2 (D.V.I. Sept. 13, 2022) (no Rule 11 sanction because "defendants' affirmative defenses, while arguably overly repetitious, appear to reasonably bear on the issues").

An affirmative defense must have "factual background to support any of the affirmative defenses asserted," and the law must be "evidently applicable to the claims asserted." *Innovative Sports, Mgmt., Inc. v. Neto*, No 13-1497, 2013 WL 5935982, at *2 (D.N.J. Nov. 1, 2013) ("A defendant asserting frivolous pleadings or defenses… may be subject to sanctions under Rule 11."); *see also Fed. Deposit Ins. Corp. v. Loudermilk*, 930 F.3d 1280, 1295 n.13 (11th Cir. 2019) (encouraging counsel to read Rule 11 when filing "affirmative defenses that really aren't affirmative defenses" lest they "knowingly allege another self-proclaimed frivolous affirmative defense").

Defendant must plead some notice of the facts supporting a plead defense just as a plaintiff would plead facts in a complaint. *Compare Affordable Aerial Photography, Inc. v. Abdelsayed*, No. 21-81331, 2022 WL 2341255, at *2 (S.D. Fla. May 10, 2022) (no Rule 11 sanction because "counsel's unrefuted affidavit details a reasonable factual inquiry prior to filing the Answer"), *with Ketchens v. Verizon Pa. LLC*, No. 22-0270, 2022 WL 1607446, at *4 (E.D. Pa. May 20, 2022) (striking an affirmative defense without prejudice under Rule 11 because the defense "appear[ed] to be untethered to the facts").

Counsel cannot excuse flawed pleadings by asserting affirmative defenses prophylactically, "[t]o the extent that discovery and/or investigation may reveal" facts supporting the defenses, or because the defenses may apply in similar cases. *Greenspan v. Platinum Healthcare Grp., LLC*, No. 20-5874, 2021 WL 978899, at *2–*3 (E.D. Pa. Mar. 16, 2021); *see Greenberger v. Bober, Markey, Fedorovich & Co.*, 343 F.R.D. 375, 378 (N.D. Ohio 2023) ("In the Court's view, reflexively asserting every conceivable defense divorced from the actual facts alleged or from facts that might reasonably have evidentiary support after an opportunity for investigation or discovery does not comply with Rule 11.").

We recognize counsel may be under time pressure or an unfounded concern they need to plead inapplicable defenses or risk waiver. *Bernhard v. Kull (In re Bernhard)*, 638 B.R. 331, 340 (Bankr. E.D. Pa. 2022) ("While the practice [of pleading boilerplate affirmative defenses] is driven by

6

attorneys' deep-seated fear that they will overlook and waive a potential defense, it may well be inappropriate under Rule 11(b)."). But counsel should not do so and given the alternative, "the answer is never to file an answer–or any other pleading–without a factual basis." *Greenspan*, 2021 WL 978899, at \*3.

[2] We find good cause to grant counsel's request for an extraordinary discovery period of over 120 days. The parties may agree to extend this *discovery* deadline *without extending another deadline* without seeking leave.

[3] Plaintiff's counsel today explained his detailed arbitration schedule beginning on September 15, 2026 (ECF 30 at 9-10) may change after June 1. The parties may move to amend this Order as to trial date to reset the trial for four days in October 2026 compliant with our Policies and showing good cause as soon as possible to account for Plaintiff's counsel's changed schedule but no later than June 10, 2026 mindful of our collective obligations to other litigants with date certain trials.